Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

FILED
IN CLERKS OFFICE

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | | |
|---|---|---|
| Brenda J. Infantino | ) | Case No. _____ |
| _____ | ) | *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | Jury Trial: *(check one)* ✓ Yes ☐ No |
| -v- | ) | |
| Lloyd J. Austin III | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Brenda J. Infantino |
| Street Address | 58 Carroll Parkway |
| City and County | Lowell, Middlesex County |
| State and Zip Code | Massachusetts, 01851- 4802 |
| Telephone Number | 978-458-4811 Home |
| E-mail Address | grycab6@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Lloyd J. Austin III |
| Job or Title *(if known)* | Secretary, Department of Defense |
| Street Address | 1000 Defense Pentagon |
| City and County | Washington, D.C. |
| State and Zip Code | District of Columbia, 20301-1000 |
| Telephone Number | 703-545-6700 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question    [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

**A.   If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
28 U.S.Code ss1331 et seq.
Employment descrimination in violation of Title VII of Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. ss2000e et seq., section 501 of the Rhabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. ss791 et seq., and the Age Descrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. ss621 et seq.

**B.   If the Basis for Jurisdiction Is Diversity of Citizenship**

1. The Plaintiff(s)

    a. If the plaintiff is an individual
       The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

    b. If the plaintiff is a corporation
       The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

    *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

    a. If the defendant is an individual
       The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

Page 3 of 5

Pro Se 1 (Rev. 09/16) Complaint for a Civil Case

      b.    If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See Attachement #1

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Attachment #2

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/11/2021

Signature of Plaintiff: *Brenda Infantino*
Printed Name of Plaintiff: Brenda J. Infantino

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

**Attachment #1**

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

I.   In that Lloyd J. Austin, Secretary of Defense allowed the Defense Contract Audit Agency (DCAA) to validate Department of Defense (DoD) contractor audits that were instituted to ensure compliance with the applicable contract, as well as warfighter safety, then used said audits alleging performance issues against auditors whom performed said validated audits in that;

    A.   The Supervisory Auditors as well as the Resident Audit Manager approved audits by validating their accuracy and then alleging auditor performance issues based on validated audits. If there is a problem with the manner in which auditors compiled audit why are they approved and validated? Complainant's dismissal is based on said audits.

    B.   Complainant's Supervisor, Jaclyn Parziale as well as RAM, Jill DeCourcy validated audits worked by new hire, Complainant without required senior auditor assigned to audit, when DCAA new hire policy specifically states given period for new hire to be observing not producing audits. This may possibly nullify all applicable DCAA audits.

II.   In that Lloyd J. Austin, Secretary of Defense failed to ensure those in authority at the Defense Contract Audit Agency (DCAA) provided the required training and support per DCAA and DCAI policy and procedures to ensure the success of new hires and existing auditors, thereby subjecting employees to alleged unsatisfactory performance ratings and subsequent wrongful dismissal in that;

    A.   During January 2018, the Agency did not ensure Complainant's first-level supervisor Jaclyn Parziale, Supervisory Auditor, denied Complainant's request for a coach, as required by DCAI and DCAA for new hires for up to 3 years if need be.

B.     January 8, 2018 received Personnel Security Investigation and Adjudication Notification email from Jenny Lindenbaum Agency Security Officer advising Tier 3 security background investigation completed by OPM making Complainant eligible for Secret clearance by Department of Defense Consolidated Adjudication Facility. When I advised Jaclyn Parziale, I was told I cannot have that clearance level as she does not. I was subsequently appointed Alternate Security Control Officer by Jill DeCourcy on January 31, 2018 after direct contact with her regarding matter.

C.     During June 2018, Resident Audit Manager treated Complainant dismissively when she asked for assistance from her in establishing good communication with Supervisor after recognizing hearing impairment affecting said communication. Complainant was advised to do whatever supervisor instructed her to do.

D.     July 2018 contacted union representative, EAP and EEO regarding discrimination and potential dismissal. I advised supervisor of this, which I believe escalated my dismissal and also became a matter of whistleblower protection.

E.     On August 16, 2018 with a follow-up on September 5, 2018 Complainant sought guidance from Rob Landry, Deputy Corporate Audit Director regarding dire situation with supervisor and transfer denial. Complainant did not receive subsequent guidance or response after he met with employees.

F.     Received Notice of Proposed Removal September, 30, 2018, dated September 28, 2018 from Jill DeCourcy and placed on administrative leave. This was done in a meeting held at the end and past my TOD with Jill Decourcy and Jaclyn Parziale, based on being probationary period employee for 2 years and placing me on administrative leave beginning September 29, 2018 for not less than 30 days. I was still in the process of obtaining a Reasonable Accommodation for which my supervisor continually advised she had nothing to do with, based some of her comments on in her performance appraisals and very likely would have allowed me to succeed as an auditor with the proper work environment for my disability.

G.     October 12, 2018 - October 18, 2018 submitted response with 400+ pages of documentation to Lisa Weiczorkowski, Corporate Area Manager proving alleged performance issues were unjustified.

H.     November 26, 2018 met with Lisa Weiczorkowski, Corporate Area Manager and received Notice of Decision of Removal for Unacceptable Performance, effective November 27, 2018. In that meeting I alleged that I believed she did not review all the evidence I submitted which not only showed those in authority did not follow policy and procedures of the agency, did in fact show performance improvement and clearly demonstrated discrimination.

III.     In that Lloyd J. Austin, Secretary of Defense failed to ensure those in authority at the Defense Contract Audit Agency (DCAA) followed Federal performance appraisal policy and procedures, thereby resulting in wrongful assertion of performance issues and subsequent unjustified dismissal in that;

    A.     On May 30, 2018 Complainant received a late performance appraisal with rating of fully successful for period ending date of March 31, 2018. Records show signed by Jaclyn Parziale and Jill DeCourcy on May 17, 2018 and Complainant on May 30, 2018 verifying performance appraisal requirements violated. I believe the official DCAA requirement is for reviews to be received by employee within two weeks of period ending date. Supervisor failed to address any potential issues from period ending date to issuance date, be it positive or negative as required in Performance Appraisal guidelines, thereby violating my rights for EEO.

    B.     Received email dated June 4, 2018 from Debbie Cruz with cc to Patricia Obey that Patricia is RA Manager and would be handling my RA request. I believe this is what triggered the ensuing negative reviews, unfair treatment and wrongful dismissal.

    C.     During June 2018, the Resident Audit Manager denied Complainant's request for a transfer, with no discussion for reason being for transfer or other options. Complainant was advised new hires are not allowed to transfer, despite the fact another new hire, John Cantone with later enter-on date, being male, under age 50 with no disability was allowed to transfer for what he stated was incompatibility with previous manager.

    D.     On July 3, 2018, S1 issued Complainant a Progress Review with a rating of "Needs Improvement". There was no prior discussion as required of any performance issues since Complainant received fully successful ratings, violating Federal Agency Performance Appraisal guidelines and employee equal opportunity.

    E.     On July 19, 2018, S1 issued Complainant a 10-month Probationary/Trial Period Evaluation Report with a rating of "Unsatisfactory" despite fact employee personnel file showed employee had fulfilled probationary period and therefore not following Federal government and Agency performance policy and procedures ensuring employee success.

    F.     Some of the comments stated in the performance reviews contradict what is required per the Performance Appraisal policy and were also not discussed with the Complainant prior to being received by the Complainant in writing.

3

G.      It is also clear from the assertions in the reviews the supervisor did not follow DCAA policy and procedure in that a new auditor should not be working an audit with a senior auditor who is separate and distinct from the supervisor. I believe this is against DCAA regulations and in fact may even officially nullify an audit. Concerns I expressed to my supervisor during my tenure, for which it is apparent she mistook my questions in trying to comprehend my responsibilities as being "argumentative" thereby resulting in unjustified negative performance ratings.

H.      Advised supervisor and Resident Area Manager my personnel records documented initial probationary period completed as documented by SF50 dated August 18, 2017. I therefore believed the reviews and reports presented to me as a probationary period employee were not valid.

I.      January – August 2018 Having worked on various audits/projects such as MAAR 13, Paid Vouchers and Monthly Rate Monitoring I questioned Jaclyn Parziale as well as Lisa Weiczorkowski as to why none of the errors I discovered and brought to the attention of the proper authority were not documented in my reviews. Performance Appraisal guidelines clearly state reviews are to include positive performance and feedback as well as specific steps to ensure employee improvement. Management violated employee rights and success by not following proper policy. I.e.: suggesting recounting last item in MAAR13 audit that was holding up finalizing audit. A count for which I was not present as I was in training at DCAI when initially done. Catching error in Monthly Rate Monitoring for which contractor contact responded was a "good catch".

J.      On August 15, 2018, Complainant's promotion to Auditor, GS-0511-09 was denied by supervisor and RAM. Employees that are not probationary period employees are given 90 days to improve with specific written steps to succeed on a Performance Improvement Plan(PIP). Complainant was denied a PIP and 90 day specific plan to improve despite records reflect probationary period fulfilled.

K.      On August 18, 2018 was advised by Alfrida Coombs of what she referred to as a "Pseudo" SF50 admitted to my personnel records dating back to August 20, 2017 changing status to probationary employee. I requested, but never received explanation as to how/where document came from and why I did not have the opportunity to dispute matter.

L.      August 23, 2018 – November 21, 2018 contacted Human Resources employees Alfrida Coombs, Helen Wright Miller, Kristin Young, Beverly Harris and Patrick Grimes regarding matter of "Pseudo" SF50, as well as what I allege to be intentionally being unable to submit written rebuttal to Interim Appraisal, violating my rebuttal rights.

      M.     Spoke with Peter Grimes who advised me he was aware of issue and only agreed to "Pseudo" SF50 being admitted to my personnel records after HR meeting with Complainant and supervisor to explain correction to probationary period. I advised him that did not happen which again violated Complainant rights as well as demonstrates continued violation of Agency policy.

IV.    In that Lloyd J. Austin, Secretary of Defense failed to ensure those in authority at the Defense Contract Audit Agency (DCAA) worked with Complainant as well as Reasonable Accommodation Coordinator to ensure appropriate accommodations in place ensuring best possible working environment for disabled employee, ensuring equal opportunity for Complainant to succeed in that:

      A.     After discussion with Jaclyn Parziale advising of new hearing aids and requesting a Reasonable Accommodations, Complainant contacted Debbie Cruz, EEO Office, AEP & Compliance Branch Chief on May 21, 2018 as advised by supervisor when she also stated she had nothing to do with RA. I believe this violates the Disability Act in that she was unwilling to cooperate with providing a reasonable accommodation for my disability.

      B.     Submitted official RA Accommodation request should it be required for requested move to another desk by supervisor due to my hearing aids picking up more background noise at current location. Response from supervisor was employees are allowed to move to another open desk at any time. Resident Audit Manager subsequently advised Complainant to stop moving desks which I believe to be in violation of Disability Act and contradicting supervisor approval. Records also show witness statements given in EEO ROI show supervisor and RAM testimony conflict in this matter.

      C.     October 2, 2018 received email from Kelly K. Thomas, Branch Chief, EEO Complaints and ADR, Defense Contract Audit Agency advising she was notified by Debbie Cruz I alleged discrimination within the DCAA while discussing my RA.

V.    In that the Plaintiff, Lloyd J. Austin, Secretary of Defense failed to ensure those in authority at DCAA, EEOC and MSPB provided due process for a fair and just investigation and subsequent decision in reviewing and considering all the evidence submitted and not abusing their authority in this matter in that;

      A.     October 2, 2018 received email from Kelly K. Thomas, Branch Chief, EEO Complaints and ADR, Defense Contract Audit Agency advising she was notified by Debbie Cruz I alleged discrimination within the DCAA while discussing my RA.

5

B.      Received notice dated November 28, 2018 addressed to Complainant and Robert Landry from Linda Kirksey, ADR Specialist, Department of Defense Diversity Management Operation Center Investigations and Resolutions Directorate, advising of correction to ADR scheduled.

C.      January 2019 EEO filed official complaint requesting decision by Agency as opposed to hearing with Administrative Judge. I had followed directive given to me by EEO contacts on when to file and when they had to wait to file formal complaint. EEO decision by the Agency has since found in the Agency favor in part claiming I did not file my claim timely. I believe this is further abuse of authority and employee rights by the Agency.

D.      Signed MSPB Negotiated Settlement Agreement September 12, 2019 agreeing to compensation in the amount of $20,000 to close both MSPB as well as EEO discrimination claims against Defense Contract Audit Agency (DCAA). Agency did not have person in authority readily available to make decision as required in MSPB rules, therefore reducing the amount Complainant believed she was entitled to.

E.      September 16, 2019 submitted revocation of agreement after learning from another former DCAA coworker she gave witness testimony verbally 8/8/2019 and signed 8/10/2019 confirming discrimination at DCAA Raytheon CAD Tewksbury/Andover. Witness was first of three female employees to be dismissed under false assertions of performance issues within six month period in 2018. I believe this information was intentionally withheld from Complainant and the Agency was privy to said information prior to being release to the Complainant, thereby further violating Complainant rights to due process.

F.      September 16, 2019 contacted EEO for status of Report of Investigation. Spoke with Philip D. Hepperle, Director, Equal Employment Opportunity, Defense Contract Audit Agency whom advised me he has ROI all ready to go. I believe this was intentional and further violation of Complainant's due process.

G.      Received copy of EEO Report of Investigation with cover letter dated September 17, 2019 from Philip D. Hepperle, Director, EEO Defense Contract Audit Agency. Requested verification on date completed as well as when the Agency was privy to contents as report included witness statements confirming discrimination within DCAA at Raytheon CAD. Given this information I am also alleging EEO intentionally withheld ROI until after the MSPB hearing thereby not allowing me due process and demonstrating continued discrimination within DCAA.

H.      I allege the delayed issuance of the ROI was intentionally withheld until after the MSPB hearing and not within the required timeframe for EEO.

6

    I.    Given I believe Mr. Hepperle to be one of the EEO contacts I consulted with during my time with DCAA, I allege his involvement with the ROI is a conflict of interest.

    J.    August 2020 Complainant requested EEOC appointed attorney. Received response advising EEOC does not appoint attorney for Federal sector employees, as they do for private sector employees. Is this not further discrimination?

    K.    October 13, 2021, I submitted a request for Reconsideration to the Agency EEO decision dated September 16, 2021 which found in favor of the Agency. It is apparent the Agency did not allow the Complainant due process in that it did not take into consideration all the evidence in the ROI, as the basis for their decision show in their notice only reflects witness testimony in favor of the Agency and nothing in favor of Complainant.

    L.    I have yet to receive a decision on my reconsideration request despite the fact that in my last conversation with EEO I was advised the Agency had 20 days to respond. I allege the Agency is delaying their decision until after the 90 days Complainant has to file civil complaint.

VI.    In that the Plaintiff, Lloyd J. Austin, Secretary of Defense failed to ensure those in authority at DCAA are not abusing their authority as well as Federal funds in the hiring and training process for Auditors in that;

    A.    The costs to the Federal Government and Taxpayers in the hiring process and training of an Auditor with DCAA, under the DoD is likely close to the ten thousand dollar range for each employee. In not providing the required training and accommodations to ensure success I allege the Agency is abusing their authority as well as the funds the Government and Taxpayers have spent in this process which ultimately ensures the safety of our Warfighters in contractors compliance with contracted time and inventory.

    B.    As a result, Complainant has been in contact with Deborah L. Moore, CPA, CFE, Investigating Officer, Defense Contract Audit Agency, Office of Inspector General as far back as May 20, 2019 alleging abuse of finances and authority by DCAA. I have been forwarding updates regarding my MSPB and EEO claims since that time, as I receive them. I allege the employees in authority at DCAA as well as MSPB and EEO have abused their authority and further subject Complainant undo stress resulting in PTSD, in that they did not follow rules and regulations in applicable process, for which I have documentation.

**I did my best to keep to the Statement of Claim guidelines and apologize if too lengthy or not specific enough.**

**Attachment #2**

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

1. Given I was previously denied reinstatement and the fact that I am disabled, now also with PTSD directly resulting from this experience and unable to return to gainful employment, I am seeking compensation equal to the amount of disability retirement at a full grade 12. Per federalpay.org, at this time the amount for grade 12, step 10 from the 2021 Official General Schedule Locality Rates for BOSTON-WORCESTER-PROVIDENCE table is $112,172. My retirement was based on an average salary in the amount of $56,609. I apologize for not having an exact number of damages.
2. I believe I should also be entitled to any and all compensatory damages deemed applicable by the court for the discriminatory misconduct I was subject to by the Agency.
3. I requested documentation verifying the Agency is continuing discriminatory practices during Discovery, but my request went unacknowledged. I was advised by my supervisor at that time that they were in fact hiring two new employees from a Job fair held in June 2018 that were right out of college whom "they could train how they wanted to train". Witness statements given in the EEO Report of Investigation (ROI) will also confirm discriminatory practices by the Agency.
4. I have been in contact with the Office of Inspector General regarding the Agencies abuse of Federal funds at cost to the Taxpayers for the hiring and training of employees for which the Agency did not follow proper guidelines for training and thereby ensuring employee success. Especially for those with a disability.
5. I also believe the Agency should be responsible to pay punitive damages to ensure they do not continue similar practices in that they are not following Agency guidelines per the New Hire OJT Guide, for Performance Appraisals and they are abusing Federal funds allotted for the hiring process and training in doing so. New hires are accepting positions based on conflicting information given by different departments within the Agency, some resulting in dismissal. I also allege to ongoing wrongdoing and abusive behavior by the Agency attorney and both EEO as well as MSPB Administrative Judges in this matter, for which I can provide proof and believe should also be subject to punitive damages.